UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURI G. DORREL,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 17-1513 JC<br><br>MEMORANDUM OPINION |

**I. SUMMARY**

On July 28, 2017, plaintiff Lauri G. Dorrel filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; August 2, 2017 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 12, 2013, plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning (as amended) on June 25, 2012, due to rheumatoid arthritis, Sjogren's disease, and Hepatitis C. (Administrative Record ("AR") 27, 48, 182, 222). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on October 20, 2015. (AR 42-84).

On November 30, 2015, the ALJ determined that plaintiff was not disabled from the amended onset date of June 25, 2012 through March 30, 2015 (the date plaintiff's age category changed) (collectively the "period at issue"). (AR 27-37). Specifically, the ALJ found that during the period at issue: (1) plaintiff suffered from the following severe impairments: rheumatoid arthritis, degenerative disc disease with scoliosis, carpal tunnel syndrome, and right shoulder impingement (AR 29); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 30-31); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)) with additional limitations[1] (AR 31); (4) plaintiff could not perform any past relevant work (AR 35); (5) there are jobs that exist in significant

---

[1] The ALJ determined that plaintiff could (i) lift/carry 20 pounds occasionally and 10 pounds frequently; (ii) stand/walk for six hours in an eight-hour day with a sit/stand option at will every 30 minutes for five minutes without going off task; (iii) sit for six hours with the ability to stand for five minutes without going off task; (iv) do occasional overhead reaching with the right upper extremity; (v) do occasional handling and fingering with the bilateral hands; (vi) do occasional climbing of ramps and stairs; (vii) never climb ladders and scaffolds; (viii) do occasional stooping, kneeling, and crouching, but no crawling; (ix) only be exposed to noise at the medium or less level. (AR 31).

numbers in the national economy that plaintiff could perform (AR 35-36); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were generally not credible (AR 34).

On May 26, 2017, the Appeals Council denied plaintiff's application for review. (AR 3).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. § 404.1520). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the

burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

       **B.**     **Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need

not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

## IV. DISCUSSION

Plaintiff essentially contends that a remand or reversal is warranted because the ALJ failed to articulate legally sufficient reasons for rejecting plaintiff's subjective complaints. (Plaintiff's Motion at 4-10). The Court disagrees.

### A. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. § 404.1529(a) & (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. § 404.1529(a), (c)(4); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4-*10; SSR 96-7p, 1996 WL 374186, at *1-*5.[2] When an individual's subjective statements

---

[2]Social Security Rulings reflect the Social Security Administration's ("SSA") official interpretation of pertinent statutes, regulations, and policies. 20 C.F.R. § 402.35(b)(1). Although they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citations and quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings). Social Security Ruling 16-3p superseded SSR 96-7p and, in
(continued...)

are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8; SSR 96-7p, 1996 WL 374186, at *1-*3. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89.[3] This requirement is very difficult to satisfy. See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements. SSR 16-3p, 2017 WL 5180304, at *10; SSR 96-7p, 1996 WL 374186, at *2, *4. An ALJ

---

[2](...continued) part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11. The SSA recently republished SSR 16-3p making no change to the substantive policy interpretation regarding evaluation of a claimant's subjective complaints, but clarifying that the SSA would apply SSR 16-3p only "[when making] determinations and decisions on or after March 28, 2016[,]" and that federal courts should apply "the rules [regarding subjective symptom evaluation] that were in effect at the time" an ALJ's decision being reviewed became final. SSR 16-3p, 2017 WL 5180304, at *1, *13 n.27. It is unclear from such language whether SSR 16-3p is retroactive where, like here, the ALJ issued the decision under review *before* SSR 16-3p became "applicable" on March 28, 2016, but the Appeals Council denied review (and thus the Commissioner's decision became "final") *after*. The issue of retroactivity, however, need not be resolved here since the ALJ's evaluation of plaintiff's subjective complaints passes muster whether SSR 16-3p or its predecessor, SSR 96-7p, governs.

[3]It appears to the Court, based upon its research of the origins of the requirement that there be "specific, clear and convincing" reasons to reject or give less weight to an individual's subjective statements absent an affirmative finding of malingering, that such standard of proof remains applicable irrespective of whether SSR 96-7p or SSR 16-3p governs. See Trevizo, 871 F.3d at 678-79 & n.5 (citations omitted).

6

must clearly identify each statement being rejected and the particular evidence in the record which purportedly undermines the statement. Treichler, 775 F.3d at 1103 (citation omitted).

If an ALJ's evaluation of a claimant's statements is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

**B.     Analysis**

Here, although Plaintiff's Motion contends that the ALJ materially erred in evaluating plaintiff's subjective complaints, plaintiff does not provide any sufficiently specific and persuasive legal argument which would justify a remand in the instant case.

For instance, plaintiff asserts that the ALJ provided "woefully insufficient reasons" for rejecting plaintiff's subjective statements. (Plaintiff's Motion at 5) (citing AR 38-39). Curiously, in plaintiff's own seemingly boilerplate briefing plaintiff does not identify any specific subjective complaint she believes the ALJ improperly rejected. (Plaintiff's Motion at 4-11). Plaintiff does assert that she testified "[a]t the hearing . . . about the nature and extent of her condition[,]" but provides citations for the transcript of all witness testimony from the administrative hearing in plaintiff's case (AR 42-84), plaintiff's entire function report (AR 243-51), and an exhibit which contains a two page Pain and Other Symptoms form from plaintiff, as well as an instruction page from a Social Security Administration Function Report form, and two seemingly unrelated letters from the Arkansas Disability Determination agency (AR 241-42). (Plaintiff's Motion at 5) (citing AR 51-72, 244-252, 253-261). Plaintiff's Motion also asserts that "[plaintiff's] descriptions of her limitations demonstrate that she is incapable of maintaining substantial gainful work activity because of her severe impairments[,]" citing to the same series of pages in the Administrative Record without any specific explanation. (Plaintiff's Motion at 8) (citing AR 51-72,

7

244-252, 253-261).  Plaintiff also says "[t]he ALJ summarized that testimony in the decision," but simply cites a single page from the ALJ's decision which addresses multiple issues, and plaintiff does not specify what portion of "that testimony" the ALJ purportedly rejected in error.  (Plaintiff's Motion at 5) (citing AR 32).  Such sweeping and conclusory arguments are insufficient to justify a remand.  See Carmickle v. Commissioner of Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address challenge to ALJ's finding where claimant "failed to argue th[e] issue with any specificity in [] briefing") (citation omitted); Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (appellate courts "review only issues which are argued specifically and distinctly in a party's opening brief.") (citations omitted); see, e.g., DeBerry v. Commissioner of Social Security Administration, 352 Fed. Appx. 173, 176 (9th Cir. 2009) (declining to consider claim of ALJ error where claimant failed to address issue "with any specificity" in opening brief) (citing Carmickle, 533 F.3d at 1161 n.2); see generally Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1030-31 (9th Cir. 2001) (on summary judgment parties must provide citations to location in record where specific facts may "conveniently be found" and court may limit its review to those parts of the record the parties have "specifically referenced"); Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (district court not required to "scour the record" on summary judgment where party has failed to identify specific record evidence with reasonable particularity) (citations omitted).

      Similarly, plaintiff also asserts that the ALJ "simply sets forth the oft rejected boilerplate language numerous courts have rejected," the ALJ "[apparently] simply rejects [plaintiff's] testimony based on a belief that the testimony is not credible because it lacks support in the objective medical evidence," and the ALJ generally "did not consider [plaintiff's] credible testimony[,]" "did not identify clear and convincing reasons supporting her [sic]

disbelief[,]" and instead "articulated generalities." (Plaintiff's Motion at 6, 10). As discussed below, however, such conclusory assertions somewhat mischaracterize the ALJ's decision, are belied by the record and generally fail to persuade the Court that a remand is warranted in this case. See Independent Towers of Washington, 350 F.3d at 929 (party's "bare assertion of an issue" in briefing "does not preserve a claim" on appeal) (citations omitted); Moody v. Berryhill, 245 F. Supp. 3d 1028, 1032-33 (C.D. Ill. 2017) ("The Court 'cannot fill the void [in a claimant's analysis] by crafting arguments and performing the necessary legal research.'") (citing Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001)); Rogal v. Astrue, 2012 WL 7141260, *3 (W.D. Wash. Dec. 7, 2012) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work–framing the argument and putting flesh on its bones through a discussion of the applicable law and facts.") (citations omitted), report and recommendation adopted, 2013 WL 557172 (W.D. Wash. Feb. 12, 2013), aff'd, 590 Fed. Appx. 667 (9th Cir. 2014).

      First, the ALJ expressly incorporated into his residual functional capacity assessment for plaintiff – and thus did not "reject" – many of plaintiff's subjective complaints. (See, e.g., AR 33 [noting ALJ "has [] allowed for limitations with regards to the [plaintiff's] carpal tunnel syndrome," ALJ's "residual functional capacity [] also takes into account [plaintiff's] bilateral hearing loss"]; AR 34 [noting ALJ "allowed for additional limitations for handling/fingering along with overhead reaching due to the [plaintiff's] rheumatoid arthritis as well as her carpal tunnel syndrome[,]" ALJ "also allowed for a sit/stand option consistent with the [plaintiff's] testimony regarding the swelling of her ankles and soreness of her knees"]. Plaintiff has not shown that such analysis failed to address any specific impairment which caused functional limitation beyond that already accounted for in the ALJ's residual functional capacity assessment, much less that any such error was at all harmful. See generally McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir.

2011) ("Where harmfulness of [] error is not apparent from the circumstances, [claimant] seeking reversal must explain how the error caused harm.").

Second, to the extent plaintiff's subjective complaints were not already accounted for in the ALJ's residual functional capacity assessment, the ALJ properly gave less weight to plaintiff's subjective statements because plaintiff engaged in daily activities which require a greater level of functioning than plaintiff alleges she can actually do. See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (inconsistencies between claimant's testimony and claimant's reported activities valid reason for giving less weight to claimant's subjective complaints) (citation omitted); SSR 16-3p, 2016 WL 1119029, at *7 (ALJ may determine that claimant's symptoms "are less likely to reduce his or her capacities to perform work-related activities" where claimant's subjective complaints are inconsistent with evidence of claimant's daily activities) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). For example, as the ALJ noted, contrary to plaintiff's allegations of disabling symptoms, plaintiff testified at the hearing that she was able to drive a car, on "good day[s]" she could perform household chores such as laundry, dishwashing, vacuuming, and sweeping/mopping, she had no problem with personal care, she could go shopping for groceries and clothing, and plaintiff was also able to attend family gatherings. (AR 34; see AR 51, 64-65).

As plaintiff appears to suggest (Plaintiff's Motion at 8-10), a claimant "does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citation omitted). Nonetheless, this does not mean that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount conflicting subjective symptom testimony. To the contrary, even where a claimant's activities suggest some difficulty in functioning, an ALJ may give less weight to subjective complaints to the extent a claimant's apparent actual level of activity is inconsistent with the extent of functional limitation the claimant has

alleged.  See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (ALJ may consider daily activities to extent plaintiff's "level of activity [is] inconsistent with [the] . . . claimed limitations"); cf. Molina, 674 F.3d at 1113 ("Even where [claimant's] activities suggest some difficulty functioning, they may be grounds for [giving less weight to] the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted).  Here, even though plaintiff stated that she had some difficulty functioning, substantial evidence supports the ALJ's conclusion that plaintiff's subjective statements were "generally not credible" to the extent the subjective complaints were not already accounted for in the ALJ's residual functional capacity assessment.  (AR 32-34); cf., e.g., Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)).  While plaintiff asserts that "her limitations demonstrate that she is incapable of maintaining substantial gainful work activity because of her severe impairments" (Plaintiff's Motion at 8), this Court will not second guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff.  Trevizo, 871 F.3d at 674-75 (citations omitted).

Finally, the ALJ properly gave less weight to plaintiff's subjective complaints due, in part, to the absence of supporting objective medical evidence. (See AR 32-34 [thorough discussion of record medical evidence with numerous citations to specific portions of the Administrative Record which reflect overall findings within normal limits on objective medical testing of plaintiff]); see Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider. . . ."); SSR 16-3p, 2016 WL 1119029, at *5 ("[ALJ may] not disregard an individual's

statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."); SSR 96-7p, 1996 WL 374186, at *6 (same).

Accordingly, a reversal or remand is not warranted on the asserted basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 29, 2018

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE